*778 ON REHEARING
PER CURIAM.
The petition for rehearing filed on behalf of the appellant City of Miami is directed to the portion of our opinion filed May 5, 1964, which approved the holding of the circuit court “that the defendant was entitled to examine the lottery ticket purchased by the informant.” Pointing out we ruled that in the circumstances presented the identity of the informant need not be disclosed, the appellant argues that to require production of the lottery ticket purchased by the confidential informant would operate to reveal his or her identity. In this connection the petition stated as follows:
“Without any knowledge of the lottery situation in existence in this area, and undersigned counsel will be the first to admit that he has very little knowledge of this activity, it can readily be seen that if a seller of lottery tickets customarily sells to what might he considered ‘regular customers’ for the most part and such customers make bets such as 6-16-60 or similar personally peculiar ‘hunch’ bets, it would not be difficult at all for an operator to determine by a process of elimination after the search warrant lottery ticket has been revealed precisely who it was making the questioned purchase.
“In other words, by compelling the production of the ticket, the Court is allowing by indirection what it has ruled need not be revealed directly. To produce the questioned ticket would be to indirectly provide the defendant with the name of the confidential informant — something the Court has ruled the City need not do when asked to do so directly.
“In the interest of police control over a situation that is increasing in scope due to the presence of many Cuban refugees who have gambled in such a manner in open fashion in their home country, the petitioner very respectfully, and in the most sincere manner undersigned counsel knows how, requests the Court to so modify or clarify its opinion in this case so as not to require the City to produce the lottery ticket purchased by a confidential informant.”
We find logic and merit in the city’s petition for rehearing. The purchase of a lottery ticket by the informant was incidental. Neither the fact of its purchase nor the ticket were evidence having any materiality or bearing on the merits of the issues tried. Citing as authority cases listed in footnote No. 5, we stated in the main opinion that “so long as there is someone for the court to rely on in granting a search warrant, and the defendant will not suffer as a result, the state is entitled to protect the identity of its informants.” Therefore, in this case in which it is proper to refuse to reveal the identity of such an informant, it would seem equally appropriate to reject the request for production of a lottery ticket purchased by the informant, if production of the ticket could reasonably be expected to lead to disclosure of his identity.
Accordingly our opinion of May 5, 1964, is hereby modified and amended by withdrawing therefrom our holding that the trial court was correct in ruling that the defendant was entitled to examine the lottery ticket purchased by the informant; and a majority of the panel of the court which heard and decided this case (Honorable Norman Hendry, Judge, dissenting) holds, as we did with reference to the identity of the informant, that in the circumstances presented the production of the lottery ticket purchased by the informant was not essential under the law and should not have been required.
Accordingly the petition for certiorari is granted and the order of the circuit court to which it is directed is quashed.
It is so ordered.
HENDRY, Judge, dissents.